

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:09-CR-1 |
| | § | |
| JAMES REMONE REED | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, James Remone Reed, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #44) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on August 21, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October 7, 2009, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. The Court sentenced the defendant to 23 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment; and the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. On January 7, 2011, James Remone Reed completed his period of imprisonment and began service of the supervision term.

On December 12, 2011, the Court modified Mr. Reed's conditions of supervised release to include the following: "the defendant shall participate in a program of testing and treatment for alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. In addition, the defendant shall be prohibited from consuming alcoholic beverages for the duration of his time on supervised release, and shall also be prohibited from going inside of bars, clubs, pool halls, or any establishments in which alcohol is the primary beverage being sold."

On January 24, 2012, the conditions of supervised release were again modified as follows: "the defendant shall reside in a residential reentry center or similar facility, in the community corrections component, for a period of 120 days. The defendant shall report to this facility as directed by the U.S. Probation Office, and shall observe the rules of that facility, to include paying subsistence."

On April 2, 2013, the conditions of supervised release were further modified as follows: "the defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring. The defendant shall be prohibited from traveling outside of Shelby County, Texas, without the prior approval of the U.S. Probation

Officer."

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, the petition alleges that Mr. Reed submitted a urine specimen on March 22, 2013, which tested positive for marijuana.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government proffered a drug test report showing that on March 22, 2013, a urine specimen was collected from James Remone Reed at the United States Probation Office in Lufkin, Texas, and submitted to Alere laboratories in Gretna, Louisiana, for testing. That laboratory report shows that the specimen returned a positive result for marijuana. The Government would also submit the proper chain of custody documents for the urine specimen.

Defendant, James Remone Reed, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he used a controlled substance in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a mandatory condition of his supervised release by unlawfully using a controlled substance while on supervised release in this case.

If the Court finds that Mr. Reed violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the probation officer, Mr. Reed failed to serve 83 days of home confinement time which he was ordered to serve as part of his conditions of supervision.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy

statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by using a controlled substance. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, James Remone Reed, to serve a term of **eleven months (11) imprisonment** in this cause, to include the 83 days of unserved home confinement time, with no additional term of supervision to follow.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of August, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE